**EDMUNSON, Auditor v STATE ex AMERICAN GUARANTY CO**

Ohio Appeals, 4th Dist, Athens Co

Decided Sept 30, 1931

Messrs. Woolley & Rowland, Athens, for plaintiff in error.

Messrs. Jones, Jones & Erskine, Athens, for defendant in error.

MAUCK, PJ.

The first question raised is that §9572 GC limits the amount that a bonding company may charge for a premium to one-half of

one per cent of the amount of the bond, and that inasmuch as the answer discloses that the amount of said bonds was $160,000 an allowance of $1,000 as made in this case was not authorized by law. It is sufficient to say in this behalf that §9572 GC does not relate to deputy sheriffs or other public officers. By its terms it covers only the bond of an assignee, trustee, receiver, guardian, executor, administrator "or other fiduciary." While a public officer bears fiduciary relations to the public the term as used in the section quoted relates only to fiduciaries of the same kind as those specifically mentioned, being those who are acting by appointment in a trust capacity and as such required to file an account of their proceedings. There is no particular rate of premiums to be charged on bonds of this character, and the value thereof in the absence of fraud or abuse of discretion is determinable by county commissioners as are other claims against the county, subject, of course, to appeal.

It is further argued that these premiums can not be paid because of the provisions of the budget law found in §§5625-1, etc., and particularly §5625-33 GC. This claim against the county involves no contract of the commissioners and it was not necessary that there be money in the treasury to the credit of an appropriated fund for the allowance of the claim. The liability of the county arises under the positive provisions of §9573-1 GC.

The judgment and order of the Common Pleas Court, however, does seem to offend against Paragraphs "b" and "c" of §5625-33, GC, in that the order of the Common Pleas is that the auditor issue his warrant for payment out of the general fund of the county. The budget law contemplates that the county commissioners shall appropriate from the general fund to the use of the several officers and agencies fixed sums and that warrants may only be drawn upon such appropriated funds. Paragraph "b" of the section referred to prohibits the making of any expenditure of money unless it has been appropriated, and money still in the general fund has not been appropriated. Paragraph "c" makes any expenditure of money unlawful unless it is by proper warrant drawn against an appropriated fund. This leads to the conclusion that while the relator was entitled to a writ of mandamus compelling the auditor to issue his warrant it was not entitled to a warrant drawn on the general fund, and that such warrant could only be paid from appropriated funds. The forms for appropriation prepared by the State Bureau of Accounting provide among other things that to the sheriff's use there shall be appropriated various funds for various purposes, and among other purposes that there shall be set aside a fund for "other expenses." Our judgment is that as the relator must be paid, and must be paid out of appropriated funds, the only proper fund is that for incidental or "other expenses" appropriated to the sheriff.

The decree of the Court of Common Pleas will be modified by requiring the auditor to issue his warrant to the relator, payable out of the sums now appropriated or hereafter appropriated for the incidental or other expenses of the sheriff's office. As thus modified the judgment and order of the Common Pleas is affirmed.

Judgment modified and affirmed.

MIDDLETON and BLOSSER, JJ, concur.